UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/11/2021
```

RAYMOND JACKSON,

                Plaintiff,

-against-

OFFICER S. REYES and OFFICER THOBEN,

                Defendants.

No. 16 cv 267 (NSR)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Raymond Jackson ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 against Corrections Officers Reyes Thoben (collectively, the "Defendants"), and Downstate Correctional Facility[1] for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment during an incident that occurred on October 8, 2015. (*See* Second Amended Complaint (ECF No. 22).). On December 22, 2020, the Court denied Defendants' motion for summary judgment. (ECF No. 86.)

    During the parties' status conference on February 11, 2021, Plaintiff expressed interest in the Court appointing *pro bono* counsel. As Plaintiff has an excessive force claim that survived summary judgment and factual issues precluded a determination on qualified immunity, this Court concludes that Plaintiff's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Furthermore, as this matter appears to be proceeding to trial, the Court finds that appointment of counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61. Accordingly, consistent with its representations during

---

[1] By order dated February 2, 2016, this Court dismissed all claims against Downstate and terminated it from the action, as it is not a proper party. (ECF No. 8.)

the February 11, 2021 status conference, the Court GRANTS Plaintiff's request that the Court issue an order granting his request for *pro bono* counsel.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Clerk of Court is directed to mail a copy of the Order to Plaintiff at the address listed on ECF and to show service on the docket. The Court reminds the parties that they are to appear telephonically at the next scheduled status conference on April 14, 2021 at 2PM. It is the responsibility of Defendants' counsel to make prior arrangements with the appropriate facility to have the *pro se* Plaintiff appear via telephone.

SO ORDERED.

Dated:  February 11, 2021
         White Plains, New York

николас
NELSON S. ROMÁN
United States District Judge